UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SELVIN REYES, ET AL.                              CIVIL ACTION

VERSUS

VH ACOUSTIC CEILINGS, LLC,                        NO.: 18-00790-BAJ-EWD
ET AL.

## RULING AND ORDER

Before the Court is Plaintiffs' **Motion for Confirmation of Default Judgment (Doc. 10)**. Jurisdiction is proper under 28 U.S.C. § 1331. For the following reasons, Plaintiff's motion is **GRANTED**.

## I. BACKGROUND

### A. Plaintiffs' Allegations

This is a wage-and-hour dispute. It arises from a company's alleged failure to pay laborers overtime compensation. Plaintiffs allege that they are employees of Defendants. Plaintiff Mendoza began working for Defendants in January 2018. Plaintiffs Selvin Reyes and Nectali Reyes began working for Defendants in March of 2018. (Doc. 1 at p. 3). Plaintiffs allege that they were paid a fixed hourly rate, and routinely worked in excess of 40 hours per week. Plaintiffs allege that they worked Monday through Thursday, from 6:30 am to at least 5:00 pm. (Id.) Plaintiffs continued working Friday and Saturday from 6:30 am to at least 3:00 pm. (Id.). Plaintiffs further allege that they worked, on average, at least 56 hours per week. All Plaintiffs ended their employment with Defendants in August of 2018.

1

Plaintiffs filed their Complaint (Doc. 1) on August 23, 2018. Plaintiffs claim that they are non-exempt employees under the Fair Labor Standards Act ("FLSA") entitled to the payment of overtime wages for all hours worked in excess of forty hours per week throughout their employment with Defendants. In addition to their alleged employer, Plaintiffs have also named Manuel Hernandez Guzman, member and manager of VH Acoustic Ceilings, LLC, as a defendant. Plaintiffs claim that Defendant Guzman was responsible for the Defendants' decision not to pay overtime to Plaintiffs. Plaintiffs further claim that Defendants knowingly and willfully violated the FLSA; thus, they are entitled to recover liquidated damages, reasonable attorney's fees, legal interests, costs, and other equitable relief. (Id. at p. 4).

**B. Procedural History**

Plaintiffs effected service of their Complaint on Defendants on August 30, 2018, in compliance with Federal Rule of Civil Procedure 5. (Docs. 4,5).[1] Defendants never filed a response to the Complaint. Plaintiffs completed the interrogatories issued by the Court (Doc. 7) and filed a Motion for Clerk's Entry of Default (Doc. 8). The Clerk of Court filed an entry of default (Doc. 9), and Plaintiffs filed this motion to obtain confirmation of default judgment against Defendants.

**II. LEGAL STANDARD**

The United States Court of Appeals for the Fifth Circuit has adopted a three-step process to obtain a default judgment. *See New York Life Ins. Co. v. Brown*, 84

---

[1] VH Acoustics received their summons through Guzman, who is the registered agent designated to receive service of process. Guzman received his summons by personal service at VH Acoustics' address.

2

F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a party "has failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a). Next, an entry of default must be entered by the clerk when the default is shown "by affidavit or otherwise." *See id.*; *NewYork Life*, 84 F.3d at 141. Third, a party may apply to the court for a default judgment after an entry of default. Fed. R. Civ. P. 55(b); *New York Life*, 84 F.3d at 141.

After a party files for a default judgment, courts must apply a two-part process to determine whether a default judgment should be entered. First, a court must consider whether the entry of default judgment is appropriate under the circumstances. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Several factors are relevant to this inquiry, including: (1) whether there are material issues of fact at issue, (2) whether there has been substantial prejudice, (3) whether the grounds for default have been clearly established, (4) whether the default was caused by excusable neglect or good faith mistake, (5) the harshness of the default judgment, and (6) whether the court would think itself obliged to set aside the default on a motion by defendant. *Id.*

Second, the Court must assess the merits of the plaintiff's claims and determine whether the plaintiff has a claim for relief. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F. 2d 1200, 1206 (5th Cir. 1975); *Hamdan v. Tiger Bros. Food Mart, Inc.*, No. CV 15-00412, 2016 WL 1192679, at *2 (M.D. La. Mar. 22, 2016).

3

## III. DISCUSSION

Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations. *Lindsey*, 161 F.3d at 893. Defendants have failed to defend the action against them, the Clerk of Court has filed an entry of default, and Plaintiffs have filed a motion for default judgment. The Court may now consider whether Plaintiffs are entitled to a default judgment. For the Court to grant confirmation of the default judgment, it must find that the entry of default judgment is appropriate by considering the *Lindsey* factors and that Plaintiffs' pleadings provide a sufficient basis for a default judgment.

### A. *Lindsey* Factors

The Court must first decide whether the entry of default judgment is appropriate under the circumstances, by considering the *Lindsey* factors. First, there are no material facts in dispute because Defendants failed to file an answer or motion under Federal Rule of Civil Procedure 12. Second, there has been substantial prejudice because Defendants' failure to appear in this action leaves Plaintiffs with no recourse for its alleged injuries. Third, the grounds for granting a default judgment against Defendants are clearly established, as evidenced by the action's procedural history and the Clerk's entry of default. (Doc. 8). Fourth, the Court has no basis to find that Defendants' failure to respond was the result of a good faith mistake or excusable neglect because Defendants have failed to respond to Plaintiffs or to the Court. Fifth, Defendants' failure to file any responsive pleading or motion mitigates the harshness of a default judgment. Finally, the Court is not aware of any facts that

4

would lead it to set aside the default judgment if challenged by Defendants. The Court therefore finds that the six *Lindsey* factors weigh in favor of default.

## B. The Sufficiency of the Pleadings

The FLSA provides that "[a]ny employer who violates [the Act] shall be liable to the employee or employees affected in the amount of ... their unpaid overtime compensation." 29 U.S.C. § 216(b). An employee's action for unpaid overtime compensation must first demonstrate by a preponderance of the evidence: (1) that there existed an employer-employee relationship during the unpaid overtime periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime wage requirements; and (4) the amount of overtime compensation due. *Johnson v. Heckmann Water Resources (CVR), Inc.* 758 F.3d 627, 630 (5th Cir. 2014); *Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369 (5th Cir. 2019). Once the employee establishes a prima facie case, the burden would then shift to the employer to "come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence." *Id.* Since Defendants failed to respond, the Plaintiffs' establishment of a prima facie case will result in the granting of this instant motion, rather than shifting of the burden.

### i. Employer-Employee Relationship

Plaintiff alleges that Defendants are their former employer. The FLSA broadly defines an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. § 203(d). In FLSA actions, courts use

5

an "economic reality test" to determine whether the alleged employees "as a matter of economic reality" are "economically dependent upon the business to which they render their services. *Valle v. Beauryne Builders* LLC, No. CV 17-274-SDD-RLB, 2018 WL 1463692, at *2 (M.D. La. Mar. 23, 2018) (citing *Reich v. Circle C. Investments, Inc.*, 998 F.2d 324, 327 (5th Cir. 1993). This is a fact intensive inquiry requiring a court to consider whether the alleged employer (1) possessed the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment, and (4) maintained employment records. *Gray v. Powers*, 673 F.3d 352, 255 (5th Cir. 2012).

Plaintiffs allege that Defendants required Plaintiffs to work on their crews to perform sheetrock and framing work. Plaintiffs further allege that Defendants controlled the method, manner, location, and time of Plaintiff's work, as well as set the hours that Plaintiffs were required to work. Plaintiffs also allege that Defendant Guzman is a member and manager of Defendant VH Acoustic Ceilings, and thus, is their employer as well. The Court finds that based on the economic reality test, Plaintiffs have sufficiently plead in their Complaint that an employee-employer relationship existed with Defendants. These allegations show that Plaintiffs, as a matter of economic reality, were economically dependent on Defendants.

### ii. FLSA Covered Activity

Plaintiffs are required to allege that they engaged in activities covered by the FLSA. A plaintiff must show that either he was (1) engaged in commerce; (2) engaged in the production of goods for commerce; or (3) employed by an enterprise engaged in

commerce or the production of goods for commerce. 29 U.S.C. § 207(a)(1). Plaintiffs allege that Defendant VH Acoustic Ceilings, LLC is an enterprise engaging in interstate commerce, and that Defendant is a contractor that engages in construction work and utilizes goods or materials that have been moved in or produced for commerce. Plaintiffs specified in their Answer to Court's Interrogatories that their job consisted of installing sheetrock and framing. (See Doc. 7 at p. 2). The Court finds that Plaintiffs have sufficiently pleaded that they engaged in an activity covered by the FLSA.

### iii. Violation of Overtime Wage Requirements and Amount Due

Plaintiffs allege that Defendants violated the FLSA's overtime wage requirements. Plaintiffs allege that they routinely worked in excess of 40 hours per week but were not paid overtime. Plaintiffs claim that they were paid a fixed hourly rate of $16.00/ $18.00 per hour[2], regardless of the number of hours worked in a week. Plaintiffs further claim that their workday began at 6:30 am and worked at least until 5:00 pm on Monday through Thursday. On Friday and Saturday, Plaintiffs claim their workday began at 6:30 am and worked until at least 3:00 pm. Plaintiffs estimate that they worked, on average, at least 56 hours per week. The Court finds that Plaintiffs have sufficiently pleaded Defendants' violation of the overtime wage requirement.

Plaintiffs assert that since they were paid $16.00/$18.00 per hour for all hours worked, they are owed an additional $8.00/$9.00 per hour worked in overtime.

---

[2] Plaintiffs Selvin Reyes and Nectali Reyes were paid $16.00 per hour, and Plaintiff Mendoza was paid $18.00 per hour.

Plaintiffs also claim entitlement to liquidated damages in a sum equal to their unpaid overtime because Defendants allegedly knowingly and willfully violated the FLSA. Plaintiff Selvin Reyes claims Defendants are liable to him in the amount of $2,304.00 for an estimated 288 hours, plus $2,304.00 in liquidated damages.[3] Plaintiff Nectali Reyes claims Defendants are liable to him in the amount of $2,304.00 unpaid overtime for an estimated 288 hours, plus $2,304.00 in liquidated damages.[4] Plaintiff Edgar Anaya Mendoza claims that Defendants are liable to him in the amount of $3,312.00 for 368 hours, plus $3,312.00 in liquidated damages.[5] The Court finds that Plaintiffs have sufficiently pleaded the amount of overtime wages due.

Based upon the well-pleaded allegations of Plaintiffs' complaint and their declarations, the Court determines, by a preponderance of the evidence, that Defendants have violated the FLSA by failing to pay overtime wages as required under the statute.

C.  **Plaintiffs' Requested Relief**

   **1. Unpaid Overtime Wages**

Under the FLSA, any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employee(s) affected in the amount of their unpaid overtime compensation. 29 U.S.C. § 216(b). Plaintiff Selvin Reyes and Nectali Reyes seek an additional $8.00 an hour owed for every overtime hour worked, and Plaintiff Mendoza seeks an additional $9.00 an hour. Defendants owe Plaintiffs Selvin Reyes and

---

[3] See Declaration of Selvin Reyes, Doc. 10-2.
[4] See Declaration of Nectali Reyes, Doc. 10-3.
[5] See Declaration of Edgar Anaya Mendoza, Doc. 10-4.

Nectali Reyes each $2,304.00 in unpaid wages for 288 hours, and Plaintiff Mendoza is owed $3,312.00 in unpaid wages for 368 hours.

## 2. Liquidated Damages

Plaintiffs also request liquidated damages. Under the FLSA, an employer who violates the overtime wage requirement shall owe liquidated damages in an amount equal to the unpaid overtime wages. See 29 U.S.C. § 216(b).[6] However, if an employer shows to the satisfaction of the court that the omission was in good faith and had reasonable grounds for believing the omission of pay was not in violation of the FLSA, the Court may decline to award liquidated damages. See 29 U.S.C. § 260; *Heidtman v. County of El Paso*, 171 F. 3d 1038, 1042 (5th Cir. 1999). Since Defendants failed to respond to this action, the Court is not required to decline the award of liquidated damages based on good faith and reasonable grounds. The Court finds that Defendants are liable to Plaintiffs Selvin Reyes and Nectali Reyes for liquidated damages in the amount of $2,304.00 each, and to Plaintiff Mendoza for $3,312.00.

## 3. Attorneys Fees and Court Costs

Under § 216, "the court in such action shall, in addition to any judgment awarded to the plaintiff, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." Courts use a two-step process to calculate reasonable attorney's fees. *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). First, the court calculates a "lodestar" fee by multiplying the reasonable number of

---

[6] Plaintiffs seek liquidated damages due to Defendants' knowing and willful violation of the overtime provision. 29 U.S.C. § 216(b) does not require a court to find a knowing and willful violation to award liquidated damages. See *Lee v. Coahoma County, Miss*, 937 F. 2d 220, 226 (5th Cir. 1991).

9

hours spent on the case by the reasonable hourly rates for the participating lawyers. *Id.* Second, the court considers whether the lodestar should be adjusted upward or downward depending on the circumstances of the case, using twelve factors.[7] *Id.* (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)). The party seeking attorney's fees bears the initial burden of submitting adequate documentation of the hours expended and the hourly rates. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

Plaintiff seeks an award of attorney's fees in the amount of $2,175.00. This is based on 5.25 hours of attorney time at the hourly rate of $200, 3.00 hours of attorney time at the hourly rate of $375.00. (Doc. 10-5). Plaintiffs' counsel submitted an affidavit explaining the attorney's fees and court costs. *Id.* Moreover, given that Plaintiffs' attorneys have been practicing law for twenty years combined in FLSA claims, the Court concludes that $200.00 and $375.00 an hour are a reasonable rate requests. The Court shall award Plaintiffs this amount incurred in attorney's fees.

Plaintiffs also seek an award of court costs for $482.20. This is based on a $400.00 filing fee and a service of process costs of $82.20. The Court shall award Plaintiffs this amount of court costs incurred.

---

[7] "The factors are: (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Migis*, 135 F. 3d at 1047.

## IV. CONCLUSION

**IT IS ORDERED** that Plaintiffs **Motion for Confirmation of Default Judgment** is **GRANTED**.

**IT IS FURTHER ORDERED** that an award in the amount of unpaid overtime damages and liquidated damages is hereby entered in favor of Plaintiffs against Defendant, in the amount of $15,840.00—that is $7,920.00 in unpaid wage damages and $7,920.00 in liquidated damages.

**IT IS FURTHER ORDERED** that Plaintiffs shall be awarded $2,175.00 in attorney's fees and $482.20 in court costs.

Baton Rouge, Louisiana, this 31st day of January, 2020.

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**